UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

GALE L. TAYLOR and DOUGLAS K. WALSCH,

       Plaintiffs,

v.

CITY OF LONGMONT, COLORADO, and OFFICER BRIAN DEAN, in his
personal capacity, and OFFICER SARA AERNE in her personal capacity,

       Defendants.

---

## COMPLAINT

---

       COME NOW, Gale L. Taylor and Douglas K. Walsch, Plaintiffs, by and
through the undersigned attorney, the Law Office of Bradley S. Freedberg, PC, and
file this Complaint against the City of Longmont, Colorado, Officer Brian Dean, in
his individual capacity, and Officer Sara Aerne, in her individual capacity, and allege
as follows:

### PARTIES

       1.    Plaintiffs Gale L. Taylor and Douglas K. Walsch are, and were at the
time of the incidents described herein, individuals residing in the State of Colorado.

       2.    Defendant City of Longmont is a city incorporated under the laws of
the State of Colorado, and for all purposes hereunder, is a "person" subject to liability
under 42 U.S.C. §1983.

3.     Defendants Officer Brian Dean ("Officer Dean") and Officer Sara Aerne ("Officer Aerne") are, and were at all times described herein, police officers working for the City of Longmont Police Department, an agency of the City of Longmont.

4.     Defendants Officer Dean and Officer Aerne are each a "person" subject to liability under 42 U.S.C. §1983.

## JURISDICTION AND VENUE

5.     The Plaintiffs hereby assert claims for relief against Defendants for violations of their civil rights under 42 U.S.C. §1983. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(a)(3) and (4) (civil rights claims under the United States Constitution).

6.     Venue is proper in this Court under 42 U.S.C. §1391 as all parties are and were at the time of the incidents described herein residents of the State of Colorado, Boulder and Weld counties, and this judicial district.

## GENERAL AVERMENTS

7.     In July, 2009 (and continuing through this day), Plaintiff Gale L. Taylor resided in her home located at 2132 Springs Place. Longmont, CO 80504.

8.     Plaintiff Douglas K. Walsch, a resident of Mead, Colorado, is a friend of Plaintiff Taylor.

9.     Prior to July 2009, Plaintiff Gale L. Taylor found herself involved in a variety of petty disputes with her next-door neighbors Suzanne Mecalo and Sierra Schwigen Mecalo. Many of the disputes between Plaintiff Taylor and her neighbors involved the limited access to Plaintiff's residence, which lacks direct street access.

2

Plaintiff's only way into and out of her garage is through a narrow driveway that passes directly between the two properties owned by the Mecalos.

10.     As a result of the escalating disputes between the Mecalos and Plaintiff Taylor, the Mecalos sought and obtained a restraining order against Plaintiff Taylor in Boulder County Court.  Arguably, the restraining order (dated July 7, 2009) can be read to keep Plaintiff from being able to occupy her own home, as all of the properties are in very close proximity to one another.

11.     Shortly prior to July 2009, Plaintiff Taylor had also undergone bunion surgery on both feet.  As of July 2009, Taylor remained with significant disability, pain and lack of mobility during her recovery from bilateral bunion surgery.

12.     On or about July 17, 2009, the Mecalos made a complaint to the Longmont Police Department that Plaintiff Taylor had violated the terms of her restraining order.

13.     On the evening of July 17, 2009, Plaintiff Taylor's friend, Plaintiff Douglas K. Walsch, had come to Plaintiff Taylor's home to take the ailing Taylor to dinner and to spend the evening with her.  Following a dinner out, both Plaintiff Taylor and Plaintiff Walsch returned to Taylor's residence, and Plaintiff Taylor laid down on the living room couch and took her anti seizure medication and fell to sleep. Plaintiff Taylor additionally takes nightly non-narcotic medication for neck and migraine pain.

14.     In the early morning hours of July 18, 2009, Officers Dean and Aerne went to Plaintiff Taylor's residence to investigate the Mecalo restraining order violation complaint and to arrest Plaintiff Taylor, who was sleeping at the time.

3

15.     Defendants Officer Aerne and Officer Dean were, at all times relevant, acting within the full scope and authority of their employment as Police Officers of the Longmont Police Department and Defendant City of Longmont.

16.     Defendants Officer Aerne and Dean rang the doorbell and/or knocked on the door, arousing Plaintiff Walsch who was dozing on the couch in Plaintiff Taylor's living room.  Plaintiff Walsch asked through the closed front door, "who was there" and the officers identified themselves stating they needed to see Gale Taylor.

17.     Plaintiff Walsch told the officers that Plaintiff Taylor was asleep and that unless they had a warrant they should return in the morning after she awoke.  In response, Officers Dean and/or Aerne stated that either Walsch open the door to let them in or they would break the door open and "arrest him" for obstruction of justice.  Consequently, Walsch let the defendants into Plaintiff Taylor's home.

18.     Plaintiff Walsch advised the defendants that Plaintiff Taylor was asleep and of her recovery from surgery.  The defendants insisted that Walsch wake Plaintiff Taylor and bring her to them.

19.     Plaintiff Taylor was reclining on the living room sofa and remained reclining as the defendant officers entered the home.  The officers came into the residence, charged at Taylor as she remained reclining on the couch, shouting: "are you drunk?" repeatedly.  The defendant officers had a photo of Plaintiffs sitting in Taylor's driveway.  The defendant offficers were screaming, "is this you, in this photo?...are you drunk?"  Plaintiff Taylor stated:" I do not drink" Gale remained in a reclining position, as she was  terrorized by the aggressiveness of the officers.

4

20.     Defendant advised Plaintiff Taylor that they needed to arrest her and take her to jail. Defendant Walsch objected telling the officers that Taylor was in no condition to travel as she could barely stand and suggested that she come turn herself into them in the morning. The defendants resisted the suggestion by Plaintiff Walsch and commenced arresting and handcuffing Plaintiff Taylor.

21.     Plaintiff Taylor was barely able to stand as a result of her recent surgeries and shee started stumbling and losing her balance crying out in pain from her foot and from falling while her wrists were being cuffed behind her by Officer Aerne. At the same time, Defendant Officer Dean screamed repeatedly at Defendant Officer Aerne to "cuff her wrists even tighter" at which time, in response, Plaintiff Taylor lost further balance and  screamed in agony as her surgically repaired feet were twisted.   Plaintiff Taylor's knee, ankle, neck, foot  and back were injured severely  from the handcuffing and force used by the officers during the arrest.

22.     In response to the inconceivable scene of the two officers intentionally and maliciously inflicting pain on a woman they knew to have been recovering from surgery and who was incapacitated, Plaintiff Walsch screamed out [in a manner which could not be deemed a threat in any way to the safety of either defendant] "My God what are you doing - you are hurting her!"

23.     In response to the vocal objection by Plaintiff Walsch to the actions of Defendants Dean and Aerne, officer Dean lunged at Plaintiff Walsch and slugged him with tremendous force in his chest, causing permanent injuries.

24.     The Defendant proceeded to forcefully push and pull Plaintiff Taylor to their police car and to jail.

5

25.     As a result of the events described above, Plaintiff Taylor suffered wrist injury, permanent foot injury, knee injury, and spinal injury. Her injuries resulting from the conduct alleged above have required and will require extensive surgery. Taylor's left ankle also may require an ankle replacement. Taylor also sustained two torn tendons in her left calf from this incident.

26.     As a result of the events described above, Plaintiff Walsch suffered permanent injury to his spine chest. Plaintiff Douglas Walsh told both officers, prior to the assault, that he was disabled.

27.     As a result of the events described above, both Plaintiffs incurred significant medical expense, pain and suffering, economic and non-economic damages, loss of income, disability, disfigurement and impairment (past, present and future; temporary and permanent).

**FIRST CLAIM FOR RELIEF
CIVIL RIGHTS VIOLATION – EXCESSIVE FORCE
42 U.S.C. §1983**

28.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 27 of this Complaint, as if set forth at length hereunder.

29.     The Fourth Amendment to the United States Constitution protects individuals against unreasonable seizures by law enforcement. "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated."

30.     Section 1983 of the Civil Rights Act of 1871 (42 U.S.C. §1983) imposes liability for damages on persons who, under color of law, deprive individuals of rights secured by the Constitution.

31.     The actions described above represent unreasonable seizure of both Plaintiff Taylor and Plaintiff Walsch, and represent excessive force in the making of the arrest of Taylor and gratuitous force in the battery of Plaintiff Walsch.

32.     As a direct result of the violation of their Fourth Amendment Rights, both plaintiffs suffered damages, economic and non-economic loss, pain and suffering, disability and impairment.

33.     Further, the alleged crime the defendants were investigating was minor (the charges, in fact, later dismissed in entirety), Plaintiff Taylor at no time resisted arrest (and did nothing other than complain of the pain being inflicted) and neither Plaintiff posed a risk of harm to either officer.

34.     As a result of the use of greater than necessary and unreasonable force to effect the arrest of Plaintiff Taylor, both plaintiffs are entitled to the award of compensatory and punitive damages (as the conduct of the officers was intentionally designed to inflict pain, and was willful, wanton and/or reckless) resulting from the excessive force.

35.     The City of Longmont, as a "person" described by statute, and as principal of both officers Aerne and Dean, is liable jointly and severally for the conduct of the defendant officers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against the defendants, jointly and severally, as follows: (1) compensatory damages for medical expenses, lost income , pain and suffering, disability, disfigurement and impairment (past, present and future; temporary and permanent); (2) exemplary damages as determined at trial; (3) reasonable attorneys fees and costs under 28 U.S.C. §1988; (3) pre and post-judgment interest as allowed by law; (5) all costs as may be allowed; and (6) such other and further relief at law and in equity as may be appropriate.

Dated this 19th day of May, 2010.

s/Bradley S. Freedberg
Colo. Reg. No. 26046
Bradley S. Freedberg, PC
Attorney for Plaintiffs
1660 Lincoln Street, #1700
Denver, CO 80264
Tel.: (303) 892-0900
Fax: (303) 446-0803
Email: bradfreedberglaw@aol.com

Plaintiffs' name and address

Gale L. Taylor
2132 Springs Place
Longmont, CO 80504

Douglas K. Walsch
3587 Whetstone Way
Mead, CO 80542