IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01168-PAB-KLM

GALE L. TAYLOR, and
DOUGLAS K. WALSCH,

    Plaintiffs,

v.

CITY OF LONGMONT, COLORADO,
OFFICER BRIAN DEAN, in his official capacity, and
OFFICER SARA AERNE, in her official capacity,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff Gale Taylor's **Motion to Reinstate Brad Freedberg as Counsel** [Docket No. 37; Filed June 1, 2011] (the "Motion"). Plaintiff Taylor seeks an order directing Attorney Bradley Freedberg to represent her in this case. Attorney Freedberg is currently serving as counsel for Plaintiff Douglas Walsch. He also served as Plaintiff Taylor's counsel until he was permitted to withdraw on May 11, 2011. *Order* [Docket No. 32]. The Court does not have the power to appoint an attorney without his consent. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Accordingly, the Court cannot direct Attorney Freedberg to represent Plaintiff Taylor. Plaintiff Taylor chose to bring this civil action voluntarily. To the extent that she now feels that she cannot bear the responsibilities of prosecuting the action *pro se*, she may voluntarily dismiss her case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff Taylor's legal obligation to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Court's Local Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

    Plaintiff Taylor alternatively seeks an order extending the discovery deadline by twelve months so that she can retain a new attorney. The Court finds that such a lengthy extension is unwarranted. The current deadline for the completion of discovery is July 15, 2011. The Court finds that Plaintiff has provided no reason why she cannot retain counsel before this deadline. If Plaintiff succeeds in retaining counsel, her new attorney may file a motion for an extension of the discovery deadline if he can demonstrate good cause for

doing so.  Similarly, if Plaintiff Taylor proceeds *pro se*, she may seek extensions of case management deadlines by filing a motion demonstrating good cause.  At this juncture, Plaintiff Taylor requests an extension of the discovery deadline simply because she wants more time to search for new counsel.  As explained above, this is not good cause.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **DENIED**.

Dated:  June 6, 2011